UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | | |
|---|---|---|
| SIMONE KING, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:05-cv-552 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| CITY OF GRAND RAPIDS, et al., | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) | |
| | ) | |

      This is a civil rights action in which plaintiff charges the City of Grand Rapids and certain of its police officers with Fourteenth Amendment violations arising from the alleged excessive use of force surrounding plaintiff's arrest on August 17, 2003. During the course of investigation and discovery of plaintiff's allegations against the officers, the existence of a videotape recording the events of August 17 has come to light. Plaintiff's mother, Verleana Wilkins, who was present at the incident, told investigating officers of the Internal Affairs Unit that such a tape existed, but refused to give it to them. According to a police report memorializing the interview of Verleana Wilkins, Ms. Wilkins told officers "she was willing to let us look at the tape if she, Bishop Durham, and Paul Mayhue could be present. She said she had to contact Tyrosh Brown to find out where the videotape is." (Stipulated Request for Show Cause Hearing, docket # 87, Ex.D).

      On October 2, 2006, defense counsel issued a subpoena to Ms. Wilkins, requiring her to produce the videotape. The subpoena was served upon Ms. Wilkins personally on October 12, 2006. Wilkins, however, did not produce the videotape at the time and place required by the

subpoena. On October 19, 2006, plaintiff and defendant filed a joint motion for an order to show cause why Ms. Wilkins should not be held in contempt of court. I issued an order to show cause on October 24, 2006 (docket # 88), requiring Ms. Wilkins to appear before the court on November 8, 2006, at 10:00 a.m. to show cause why she should not be held in contempt of court for failure to comply with the subpoena. The order to show cause was personally served on Ms. Wilkins by a 62-B District Court officer on October 25, 2006. Ms. Wilkins, however, did not appear in court as required by the order to show cause.

Rule 45(e) provides that failure "by any person without adequate excuse to obey a subpoena served upon that person may be deemed in contempt of the court from which the subpoena issued." Due process requires that a civil contemnor be given adequate notice and an opportunity to be heard before being found in contempt. *See NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 589 (6th Cir. 1987). The court gave Ms. Wilkins this opportunity by issuing an order to show cause and setting the matter for a hearing in open court, at which the court would have taken into consideration any excuse that Ms. Wilkins had for noncompliance, including that she was unable to comply because of lack of possession or control over the videotape. Ms. Wilkins, however, failed to avail herself of this opportunity.

A finding of civil contempt must be made on the basis of clear and convincing evidence. *See Liberte Capital Group, LLC v. Capwill*, 462 F.3d 543, 550 (6th Cir. 2006); *Electrical Workers Pension Trust Fund of Local Union # 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003). In the present case, it is beyond dispute that the subpoenaed videotape, if it exists, is relevant to this case, that Ms. Wilkins at one point told officers that she had control of the tape, that she was properly served with a subpoena requiring its production, that she failed to comply

with the subpoena, and that she refused to take advantage of her opportunity to show a valid excuse for her noncompliance at the show cause hearing.

### Recommended Disposition

On the basis of the foregoing, I recommend as follows:

(1) Verleana Wilkins should be held in civil contempt of this court for her failure to comply with the subpoena dated October 2, 2006.

(2) A warrant of arrest should issue, and Ms. Wilkins should be subjected to the sanction of incarceration until such time as she complies with the subpoena.

Counsel for defendant is directed to serve a copy of this report and recommendation upon Verleana Wilkins by personal service.


Dated: November 9, 2006            /s/ Joseph G. Scoville
                                   United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).