UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

SIMONE KING,  )
 )
      Plaintiff,  )  Case No. 1:05-cv-552
 )
v.  )  Honorable Robert Holmes Bell
 )
CITY OF GRAND RAPIDS, et al.,  )
 )  **ORDER**
      Defendants.  )
_____)

On November 9, 2006, the undersigned issued a report and recommendation recommending that plaintiff's mother, Verleana Wilkins, be held in civil contempt for her failure to produce a videotape in response to a subpoena served upon her by defendant. The videotape purportedly chronicles the events surrounding plaintiff's arrest on August 17, 2003, which form the basis for this civil rights action. The report and recommendation was issued after Ms. Wilkins failed to appear in response to an order to show cause why she should not be held in contempt.

Thereafter, armed with the report and recommendation, counsel for both parties met with Ms. Wilkins on November 13, 2006. Counsel for both parties have faxed letters to the undersigned, setting forth their version of the interview with Ms. Wilkins and subsequent events. Plaintiff's counsel has requested that I withdraw the report and recommendation, while defense counsel continues to seek an arrest warrant for Ms. Wilkins to coerce her compliance with the subpoena.

At the outset, I must express dismay at counsels' inability to agree on events at which they were both present. Someone appears to be shading the truth. Specifically, plaintiff's counsel has represented to the court that the former boyfriend of Verleana Wilkins, Mr. Martin, testified on deposition that the videotape and camera were in the possession of the City of Grand Rapids police officers after plaintiff's arrest. Defense counsel disputes this contention. The transcript will resolve the issue. Defense counsel is directed to submit the entire transcript as soon as it is available. Resolution of this issue involves both the integrity of counsel and the court's ability to rely on their representations.

With regard to the question whether Verleana Wilkins should be held in contempt, I conclude that further civil contempt proceedings would be pointless. The purpose of civil contempt is to coerce compliance, not to punish. *See Consolidated Rail Corp. v. Yashinsky*, 170 F.3d 591, 596 (6th Cir. 1999). The need for coercive measures is only indicated where a nonparty has possession, custody, or control of the subpoenaed item. The party seeking a contempt citation must prove control by clear and convincing evidence. *See Liberte Capital Group, LLC v. Capwill*, 462 F.3d 543, 550 (6th Cir. 2006). In light of counsels' subsequent interviews of Ms. Wilkins and other investigation, it is no longer possible to conclude by clear and convincing evidence that the videotape is in Ms. Wilkins' control -- that is, that she has actual possession of the videotape or has the legal right to obtain it on demand. *See In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995). Ms. Wilkins has told counsel that she does not have the videotape. Defense counsel faults Ms. Wilkins for her failure to seek the help of others, such as her son, in locating the tape, but her failure to do so does not establish that the tape is now in her possession, custody, or control. In these circumstances, exercise of the court's coercive power against a nonparty would be pointless.

The order to show cause has had its intended effect of forcing Ms. Wilkins to disclose whether she has possession of the videotape. That question has now been answered in the negative, and further civil contempt proceedings are not warranted. In the circumstances of this case, defendant would certainly be justified in seeking exclusion of the videotape from evidence if it ever surfaces or in requesting an appropriate jury instruction on the issue of spoliation. The recommendation in favor of the contempt citation against Verleana Wilkins, however, will be withdrawn. Accordingly:

IT IS ORDERED that the report and recommendation (docket # 93) is hereby WITHDRAWN.

DONE AND ORDERED this 27th day of November, 2006.

/s/  Joseph G. Scoville
United States Magistrate Judge